Filed 7/23/21  P. v. Muhammad CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff,<br><br>v.<br><br>GOLDIE MUHAMMAD,<br><br>     Defendant and Respondent;<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>     Real Party in Interest and Appellant. | A160396<br><br>(Alameda County<br>Super. Ct. No. 19-CR-018578) |

This case presents facts and legal issues nearly identical to those in our recently issued opinion, *People v. Wilson* (July 20, 2021, A160394) __ Cal.App.5th __ (*Wilson*).  Here, as in *Wilson,* the defendant invited the trial court to exercise its authority under Penal Code section 1203.2[1] to modify the residency restriction imposed as a condition of his parole, and the trial court accepted that invitation.  For the reasons set forth in *Wilson,* we agree with real party in interest and appellant Department of Corrections

---

[1] All undesignated section references are to the Penal Code.

1

and Rehabilitation (CDCR) that the trial court exceeded its statutory authority because, at the time of the modification, there was no pending parole revocation proceeding or alleged parole violation.

BACKGROUND

In 2003, defendant and respondent Goldie Muhammad (Defendant) was convicted of two counts of lewd and lascivious acts with a child under age 14 (§ 288, subd. (a)). After serving a state prison term, Defendant was released to parole in 2017. CDCR determined that Defendant was a "high risk" sex offender and imposed the following residency restriction as a condition of his parole: "You shall not reside within one-half mile of any public or private school (kindergarten and grades 1 through 12, inclusive) pursuant to PC Section 3003(g)."[2]

In 2019, Defendant filed a motion for relief under section 1203.2, subdivision (b)(1) (section 1203.2(b)(1)), inviting the trial court to "act on its [own] motion and modify the conditions of his parole to exclude the residence restriction[] . . . ."[3] Defendant argued he was currently homeless because he was unable to reside in any home available to him, this result was harmful and contrary to the purposes of parole, and the residency restriction was therefore invalid as applied to him. CDCR opposed the motion, arguing the trial court was not authorized to modify Defendant's parole conditions under

---

[2] Section 3003, subdivision (g) provides: "Notwithstanding any other law, an inmate who is released on parole for a violation of Section 288 or 288.5 whom the Department of Corrections and Rehabilitation determines poses a high risk to the public shall not be placed or reside, for the duration of the inmate's parole, within one-half mile of a public or private school including any or all of kindergarten and grades 1 to 12, inclusive."

[3] Defendant's motion erroneously stated he was subject to a residency restriction under section 3003.5, subdivision (b). CDCR clarified for the trial court the residency restriction in Defendant's parole conditions.

section 1203.2(b)(1) absent a pending parole violation and, in the alternative, Defendant's challenge to the residency restriction was meritless. On March 6, 2020, the trial court issued an order modifying the residency restriction. CDCR appealed.

## DISCUSSION

In *Wilson,* this court considered the precise issue presented here: whether section 1203.2(b)(1) authorized the trial court to modify Defendant's parole conditions in the absence of a pending parole revocation hearing or alleged parole violation. After reviewing the statutory language, legislative history, and statutory framework, we concluded that "section 1203.2(b)(1) does not authorize courts to modify parole conditions in the absence of an alleged parole violation or revocation hearing. The trial court thus lacked statutory authority to modify Defendant's parole condition." (*Wilson, supra,* __ Cal.App.5th __ [pp. 4–14].) We incorporate this lengthy analysis by reference into this opinion, and need not repeat it herein.[4]

Defendant argues, in the alternative, that the record supports an inference that there was a suspected parole violation. Defendant points to the following sentence in a letter submitted by CDCR's parole unit: "[Defendant] previously lived at City Team Shelter in Oakland, but chose not to continue living there." At CDCR's request, this letter was subsequently superseded by a new letter, identical to the first except that the second half of the quoted sentence was omitted. Defendant argues the omission "appears designed to support the claim that there was no parole violation suspected," and contends the record does not establish whether or not Defendant was in

---

[4] As in *Wilson,* this conclusion renders it unnecessary for us to decide CDCR's contention that the modification misapplied the law and violated separation of powers. (See *Wilson, supra,* __ Cal.App.5th __ [p. 14, fn.11].)

3

violation or whether the court so suspected. We fail to see how the phrase omitted from the amended parole letter gives rise to an inference of a violation; it states only that Defendant chose to stop living at his prior housing facility. Moreover, during argument below, counsel for CDCR expressly told the court, "There is no violation," and the court responded, "I understand." There is no basis in the record to infer that Defendant was in violation of his parole or was suspected of a violation.

## DISPOSITION

The March 6, 2020 order modifying Defendant's parole condition is reversed.

4

_____

SIMONS, Acting P.J.

We concur.


_____

NEEDHAM, J.


_____

RODRIGUEZ, J. [*]


A160396


_____

[*] Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5